UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CDCS# 2011A86192
Case No.:

UNITED STATES OF AMERICA §
§
§
§
vs. §
§
§
§
WESLEY LANIER, §

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Highlands County, Florida within the jurisdiction of this Court and may be served with service of process at 1709 RAINBOW AVE, SEBRING, FL 33870.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $3,143.63 |
| B. Current Capitalized Interest Balance and Accrued Interest as of October 1, 2012 | $3,344.19 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied (Debtor payments, credits, and offsets) | $0.00 |

| | |
|---|---|
| E. Attorneys fees | $500.00 |
| **Total Owed** | **$6,987.82** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

Newman & Marquez. P.A.

Date: 10|15|2012     By: _____

Jennifer Margolis Marquez
Florida Bar Number 0770701
1533 Sunset Drive, Suite 225
Coral Gables, Florida 33143
Tel.305-665-9633
Facsimile 305-666-9714
Email: jenmargolis@bellsouth.net

**EXHIBIT "A"**

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

Wesley S. Lanier
1709 Rainbow Ave.
Sebring, FL 33870
Account No.:XXXXX

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 08/24/11.

On or about 06/29/85, the borrower executed promissory note(s) to secure loan(s) of $2,500.00 from Florida Nat'l Bank - Jacksonville, Jacksonville, FL. This loan was disbursed for $2,500.00 on 07/17/85, at 8.00 percent interest per annum. The loan obligation was guaranteed by State of Florida, Department of Education, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $181.18 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 12/15/86 and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,145.21 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/05/96, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $1,394.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $3,143.63 |
| Interest: | $3,066.35 |
| Total debt as of 08/24/11: | $6,209.98 |

Interest accrues on the principal shown here at the rate of $0.69 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 8/31/11

Loan Analyst
Litigation Support

Peter La Roche
Loan Analyst

| FLORIDA STUDENT FINANCIAL ASSISTANCE COMMISSION<br>KNOTT BUILDING<br>TALLAHASSEE, FLORIDA 32301 | FLORIDA GUARANTEED STUDENT LOAN PROGRAM<br>(20 U.S.C. 1071-1087-2)<br>PROMISSORY NOTE |
|---|---|
| **BORROWER'S NAME AND ADDRESS:**<br>WESLEY S LANIER<br>3735 ARBUCKLE CRK RD<br>SEBRING        FL 33870 | **LENDER'S NAME AND ADDRESS:**<br>FLORIDA NATL BANK - JACKSONVILLE<br>RETAIL CREDIT DEPT<br>214 HOGAN ST<br>JACKSONVILLE     FL 32231 |

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | Amount Financed<br>The amount of credit provided to you. | Late Charge: If a payment is late, you may be charged $5.00 or 5% of the payment, whichever is less.<br>Prepayment: If you pay off early, you |
|---|---|---|
| Prior to repayment: 4.531 %   During repayment: 8.000 % | $ 2,343.87 | [ ] may  [X] will not  have to pay a penalty.<br>[ ] may  [X] will not  be entitled to a refund of part of the finance charge.<br>See the promissory note for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties. |

Itemization of the Amount Financed of $ 2,343.87                                         Amount Paid to You

Loan Amount $ 2,500.00 — Less: Prepaid Finance Charge $ 156.13 — Less: Amount Paid To Others On Your Behalf: $ 3.75 — Equals: $ 2,340.12

Includes:
Insurance Premium: $ 31.13
Origination Fee: $ 125.00
(____% of Loan Amount)

To: FLORIDA DEPT. OF REVENUE
For: DOCUMENTARY STAMP TAX

**DISBURSEMENT SCHEDULE**

| DISBURSEMENT NUMBER | ESTIMATED DATE OF DISBURSEMENT | INSTALLMENT AMOUNT | DOCUMENTARY STAMP TAX | PREPAID FINANCE CHARGE | | AMOUNT FINANCED |
|---|---|---|---|---|---|---|
| | | | | INSURANCE PREMIUM | ORIGINATION FEE | |
| | 07/08/85 | 2,500.00 | 3.75 | 31.13 | 125.00 | 2,343.87 |

ED-888 5/82

**PROMISE TO PAY**

I, WESLEY S LANIER
_____ (Name of Borrower), the borrower, promise to pay to

FLORIDA NATL BANK - JACKSONVILLE
_____ (Name of Lender), the lender, or to a subsequent holder of this Promissory Note, all of the principal sum of $ 2,500.00 to the extent it is advanced to me, plus an amount equivalent to simple interest on this sum at the rate of 8.000 percent per year. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs — including attorney's fees — that are permitted by State and Federal law and regulations and are necessary for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest.

The lender and I understand that the following terms apply to this loan:

**INSURANCE PREMIUM**  If required to do so by the lender, I will pay to the lender a non-refundable amount equal to the premium that the lender is required to pay to the Florida Student Financial Assistance Commission (FSFAC) to obtain insurance coverage on this loan. If the lender disburses the loan in multiple installments, I will pay this premium for each disbursement at the time that the disbursement is made. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it.

**ORIGINATION FEE**  If required to do so by the lender, I will pay to the lender an origination fee, authorized by Federal law, not to exceed 5 percent of the loan amount. The lender may withhold this fee from the proceeds of the loan. If the loan is made in multiple disbursements, the lender may deduct from each disbursement the proportionate share of the fee which is attributable to that disbursement amount. Under certain circumstances, the lender may be required to refund to me part or all the fee.

**REPAYMENT**
1. I will repay this loan in periodic installments during a repayment period that will begin no later than _____ months (the "grace period") after I either leave school or cease to carry at least one-half the normal academic workload at a school that is participating in the Guaranteed Student Loan Program (GSLP). However, during the grace period I may request that the repayment period begin earlier.
2. I will repay this loan within 15 years of the date of this Promissory Note, over a repayment period that lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

FSFAC FORM 2 (8/82)                                                                                                               (OVER)

A. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
B. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I – or, if both, my spouse and I have GSLP loans, Auxiliary loans or PLUS loans outstanding, we – pay toward principal and interest at least $600 or the unpaid balance, whichever is less, of the total amount owing to all holders of my – or our – GSLP, Auxiliary and PLUS loans.
C. Any period described under DEFERMENT in this Promissory Note will not be included in determining the 5, 10, and 15 year periods mentioned above.
3. The particular terms and conditions of repayment that apply to this loan will be set forth by the lender in a separate document, known as a repayment schedule, that the lender will provide to me before the repayment period begins.

**PREPAYMENT**   I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**DEFERMENT**   Payments of principal on my loan will be deferred after the repayment period begins, provided I comply with the procedural requirements set forth in the regulations governing the GSLP in any of these circumstances:
1. While I am enrolled in –
  A. Full-time study at a school that is participating in the GSLP (unless I am not a citizen or national of the United States and am studying at a school not located in the United States);
  B. Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies);
  C. A graduate fellowship program approved by the Secretary of Education; or
  D. A rehabilitation training program for disabled individuals approved by the Secretary of Education.
2. For periods not exceeding 3 years for each of the following while I am –
  A. On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service;
  B. Serving as a Peace Corps volunteer;
  C. Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs) (e.g., VISTA); or
  D. Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501 (c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is comparable to service in the Peace Corps or ACTION programs.
  E. Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because I am providing care required by a spouse who is temporarily totally disabled, as established by affidavit of a qualified physician.
3. For a period not exceeding 2 years while I am serving in an internship that the Secretary of Education has determined is necessary for me to gain professional recognition required to begin professional practice or service.
4. For a single period not exceeding one year while I am conscientiously seeking but unable to find full-time employment in the United States. To be granted a deferment, I must provide the lender with written evidence of my eligibility. I must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

**INTEREST**
1. The Secretary of Education will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSLP. In the event that the Secretary pays the interest on this loan, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.
2. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan, except that the Secretary has paid the interest on this loan prior to the repayment period, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.
3. The lender may add any interest that is not paid when it is due to the unpaid principal balance of this loan, in accordance with Federal regulations governing the GSLP.

**LATE CHARGES**   If permitted by state law, the lender may collect from me a late charge if I fail to make any part of an installment payment within 10 days after it is due, unless I provide documentation that I am entitled to have the payment deferred as described under DEFERMENT in this Promissory Note. A late charge may not exceed $5.00 or 5 percent of an installment, whichever amount is less.

**TRANSFER OF LOAN TO NEW HOLDER**   Under the conditions set forth in Federal regulations governing the GSLP, this loan may be transferred to a holder other than the original lender. If such a transfer takes place, I will have the same rights and responsibilities with regard to the new holder that I had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as enacted in any State, and a new holder of the Promissory Note is not a holder in due course.

**DEFAULT**   If I default on this loan, the lender may declare the entire unpaid amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST above. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make payment when it is due or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status.

**DISABILITY OR DEATH**   If I become totally and permanently disabled or I die, my obligation to pay any amount owed on this loan will be cancelled.

**CREDIT BUREAU NOTIFICATION**   If I default on this loan, using the following procedure, may disclose information about the loan to credit bureau organizations after the holder has attempted to collect the debt from me.
If the holder knows my address, the holder must first notify me that such disclosure will be made unless I begin or resume payment within 30 days of receipt of this notice, or such longer period as the holder may specify, the holder will disclose information about the loan to credit bureau organizations. If the holder does not know my address, the holder may disclose information about the loan to credit bureau organizations in order to learn my address. The holder must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the holder may disclose information about the status of this loan to any credit bureau.

**GENERAL**   The lender must provide me with a copy of this Promissory Note. The terms of this Promissory Note will be interpreted according to the law (20 U.S.C. 1071 to 1087-2) and Federal regulations (34 CFR Part 682) that governs the GSLP. The lender must show me the Federal regulations upon request.
I will use all of the proceeds that I receive from this loan only for tuition and other reasonable and authorized educational expenses, including room and board, fees, books, supplies and equipment, laboratory expenses, and transportation and commuting costs.
I understand that if I am a correspondence student, this loan is covered by Federal regulations setting forth separate rules about what the loan proceeds may be used for and when my repayment period will begin.
I am not required to provide security for this loan.
I will promptly notify the lender, in writing, of any change of my name, address, or school enrollment status.

| X _Wesley L. Lanier_ | _P.O. Box 328, Sebring, Fla. 33870_ | _6-29-85_ |
|---|---|---|
| SIGNATURE OF BORROWER | ADDRESS | DATE |

NAME OF CO-SIGNER* (print or type)    ADDRESS

SIGNATURE OF CO-SIGNER    91  0517  9139   DATE _____   TELEPHONE

*The lender may require a co-signer to sign this Promissory Note.
FSFAC FORM 2 (8/82)